## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RUBEN FLORES** | § | |
| | § | |
| **v.** | § | **A-13-CV-899 SS** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Ruben Flores' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 2). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On September 7, 2011, Petitioner Ruben Flores ("Flores") pled guilty to Counts One and Two of a three-count Superseding Indictment charging him with (1) conspiracy to possess with intent to distribute 5kg or more of Cocaine (Count 1) and (2) conspiracy to possess with intent to distribute 1kg or more of Heroin (Count 2), both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). See Dkt. # 354 in A-11-CR-360(1) SS. On December 19, 2011, the District Court sentenced Flores to 360 months imprisonment on Counts 1 and 2 to be served concurrently, followed by a 10 year term of supervised release, a $200 special assessment fee, and an order of forfeiture. See Judgment and Commitment (Dkt. # 513). Flores filed a direct appeal of his conviction and sentence which the Fifth Circuit dismissed as frivolous. See Judgment in *United States v. Flores*, No. 11-51270 (5th Cir. Sept.

11, 2013).  Flores is currently confined at the United States Penitentiary Allenwood, in White Deer, Pennsylvania.

Although Flores is currently incarcerated in Pennsylvania, on October 3, 2013, Flores filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241in the Western District of Texas. In his Petition, Flores attempt to challenge the District Court's application of sentence enhancements under the United States Sentencing Guidelines.   Because Flores's Petition attacks errors that occurred "at or prior to sentencing," *Pack v. Yusuff*, 218 F.3d 448, 451(5th Cir. 2000), the District Court notified Flores that it intended to construe his Petition as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and gave Flores an opportunity to: (1) withdraw his Petition; (2) file a Notice of Consent, stating he would like to proceed with the Petition construed as § 2255 Motion; or (3) amend his filing to add any additional§ 2255 claims.  See October 8, 2013 Order & Advisory to Defendant (Dkt. # 673).  On October 25, 2013, Flores notified the District Court that he did not want his Petition for Writ of Habeas Corpus construed as a § 2255 motion and clarified that he intended to file his petition under 28 U.S.C. § 2241.  See Dkt. # 677.  Therefore, on October 31, 2013, the District Court vacated its construction of Flores' Petition as a § 2255 Motion and ordered that Flores' application for habeas relief under 28 U.S.C. § 2241 "shall proceed accordingly." See Dkt. # 1 in A-13-CV-899 SS.

## II.  ANALYSIS

In his § 2241 Petition, Flores is attempting to challenge the District Court's application of sentence enhancements under the United States Sentencing Guidelines.  The Court is unable to address Flores' claims, however, because the Court does not have jurisdiction to entertain the instant § 2241Petition. Section 2241 confers upon federal courts the authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241.  The Fifth Circuit has repeatedly

held that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."[1] *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)). Thus, only the Middle District of Pennsylvania, where Flores is currently incarcerated, has jurisdiction to entertain his § 2241 Petition. Accordingly, this Court is unable to address the merits of the instant § 2241 Petition.

The Fifth Circuit has determined that a district court lacking jurisdiction over a § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. See *Lee,* 244 F.3d at 373-74. Instead, the Fifth Circuit mandates that the district court dismiss the petition without prejudice, so that petitioner "may file the petition in the appropriate court if he desires." *Id.* at 375. Accordingly, the Court recommends that the District Court dismiss the instant § 2241 Petition without prejudice for lack of jurisdiction. If Flores desires, he may file a § 2241 petition in the Middle District of Pennsylvania, where he is incarcerated.

## III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Ruben Flores' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Dkt. # 2) without prejudice for lack of jurisdiction.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[1]The Fifth Circuit clarified in *Lee* that this ruling applies to "both § 2241 petitions brought to contest the manner in which a prisoner's sentence is carried out and § 2241 petitions brought to attack the validity of a prisoner's sentence." *Id.* at 375 n. 4.

being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c);  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of November, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4